## GALLI v. SCATENA et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. APPEAL AND ERROR (§ 1011*)—FINDING BY TRIAL COURT—CONFLICTING EVIDENCE—REVIEW.

A finding by a trial justice on conflicting evidence will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. LANDLORD AND TENANT (§ 196*)—HOLDING OVER—LIABILITY FOR RENT.

Defendants had occupied certain premises under a written lease for 14th months expiring May 1, 1908. Defendants did not vacate the premises until June 3 or 4, 1908, claiming that their occupancy from May 1st had been under a special agreement, while plaintiff claimed an express oral renewal under an option in the original lease, which he testified took place in March or April. This defendants denied. *Held,*

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that defendants were liable for the June rent whether there was an express renewal of the lease, a wrongful holding over after the term, or a special agreement for occupancy from May 1st to June 1st.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 737; Dec. Dig. § 196.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank Galli against Fortunato Scatena and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Guido J. Guidici, for appellants.
Palmieri & Wechsler, for respondent.

GIEGERICH, J. The action is to recover rent of the basement store of the premises No. 181 Bleecker street, in the borough of Manhattan, for the month of June, 1908.

It was admitted that the defendants had leased the premises, by a lease in writing, for the term of 14 months, expiring May 1, 1908. It was also admitted that the defendants remained in occupation until June 1, 1908, but they claimed that such occupation beyond the original term was in pursuance of a special agreement, entered into just before the term expired, by which they agreed, with the assent of the landlord, to remain as tenants for another month, in order to give the landlord an opportunity to make certain repairs which they claimed he had theretofore promised to have done, but which had not been made up to that time. It was admitted that no repairs were made during the month of May, and the defendants' witnesses, or some of them, testified that the defendants vacated the premises on June 1, 1908. The theory of the defense was that, as the occupation during the month from May 1st to June 1st had been under a special agreement, it did not subject the defendants to the liability which they would otherwise have incurred as holdovers.

The plaintiff denied the making of any such special agreement, and also testified that the defendants did not completely vacate the premises until two or three days after the 1st of June. In this he was corroborated by the testimony of two other witnesses. The truckman who did the moving was not called as a witness, nor was the failure to call him in any way explained.

The plaintiff further relied upon an express oral renewal, under an option in the original lease, which he testified took place in the latter part of March or the beginning of April. Testimony was given on behalf of the defendants that no such renewal was made.

The case is thus full of contradictory testimony, and it is quite impossible for this court to say from the record that the judgment of the trial justice upon the facts was erroneous, or that it should be interfered with. Whether the trial justice found that there was an express renewal of the lease, or merely a wrongful holding over after the expiration of the term, or whether he found that there was a special agreement for the period from May 1st to June 1st, but that

the defendants did not vacate the premises until the 3d or 4th of June, we cannot know. In any of these cases, the defendants were liable for the June rent, and we see no reason from the record for disturbing the judgment which has been recovered against them.

The judgment should, therefore, be affirmed, with costs. All concur.